UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES V. FARNSWORTH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>(2) UNKNOWN DOC STAFF, DONALD HOLBROOK, JONI AIYEKU, STEVE BARKER and ROB JACKSON,<br><br>　　　　　Defendants. | NO: 4:16-CV-5104-TOR<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's *pro se* Motion for Reconsideration, ECF No. 20, as well as a Supplemental Motion for Reconsideration. ECF No. 21. Plaintiff, a prisoner at the Washington State Penitentiary was proceeding *in forma pauperis;* Defendants were not served. Plaintiff is challenging the Order dismissing his Second Amended Complaint and denying his motion to compel the U.S. Marshal's Office to serve his Second Amended Complaint. ECF No. 18. Judgment was entered on December 19, 2016, ECF No. 19. The motions were noted for

ORDER DENYING MOTIONS FOR RECONSIDERATION ~ 1

1  hearing on February 6, and February 22, 2016, respectively, and were considered
2  without oral argument on the date signed below.

### RECONSIDERATION

Federal Rule of Civil Procedure 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  A motion to reconsider under Rule 59(e) may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailability evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.  *See Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

There has been no intervening change in the controlling law.  Plaintiff has not offered newly discovered evidence that would justify this Court re-examining his failure to state a cognizable claim under 42 U.S.C. § 1983.  Finally, there is no clear error or manifest injustice for which the Court should alter its prior ruling.

Prison officials cannot prevent inclement weather, and the failure to immediately ameliorate its effects does not equate to deliberate indifference.  Contrary to Plaintiff's assertions, a temporary exposure to snow and ice, without more, does not pose an unsafe condition for which prison officials are liable.  The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel

and unusual "punishments." *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (failure to alleviate a significant risk that should have been perceived but was not, does not satisfy the "subjective" state of mind necessary for liability).

Within its discretion, this Court declines to exercise jurisdiction over any perceived state law claims. Moreover, in cases where "there is no independent basis for federal jurisdiction," that is, where the federal claims are "absolutely devoid of merit or obviously frivolous," supplemental jurisdiction does not attach. *Brady v. Brown,* 51 F.3d 810, 816 (9th Cir. 1995) (citation omitted). Dismissal of any perceived state law claims is without prejudice to their pursuit in state court.

Accordingly, **IT IS ORDERED** Plaintiff's Motions, ECF Nos. 20 and 21 are **DENIED**.

The Clerk of Court is directed to enter this Order and furnish a copy to Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. The file remains **CLOSED.**

**DATED** February 13, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTIONS FOR RECONSIDERATION ~ 3